1

2

3

4                          UNITED STATES DISTRICT COURT

5                              DISTRICT OF NEVADA

6                                    * * *

7    WOODBURY LAW, LTD,                          Case No. 2:15-CV-603 JCM (GWF)

8                          Plaintiff(s),                    ORDER

9           v.

10   BANK OF AMERICA, NATIONAL
     ASSOCIATION,
11
                           Defendant(s).
12

13

14          Presently before the court is defendants' Bank of America, N.A.'s ("Bank of America")

15   and Bank of New York Mellon Corporation's ("New York Mellon") motion to dismiss plaintiff's

16   first amended complaint.  (Doc. # 12).  Defendant Select Portfolio Servicing, Inc. ("Select") joined

17   the motion to dismiss.  (Doc. # 26).  Plaintiff filed a response (doc. # 25), and defendants filed a

18   reply (doc. # 27).

19   I.     **Background**

20          On September 15, 2005, Andrew Lai executed a promissory note for $999,950.00.  (Doc.

21   # 12, exh. A).  The note was secured by a deed of trust in favor of Countrywide Home Loans, Inc.

22   ("Countrywide"), and encumbered the real property located at 1999 Alcova Ridge Drive, Las

23   Vegas, Nevada 89135.  (Doc. # 12, exh. A).[1]  The deed of trust named Mortgage Electronic

24   Registration Systems, Inc. ("MERS") as nominee for the lender and the lender's successors and

25

26          [1] Defendants ask the court to take judicial notice of doc. # 12, Exhibits A-H.  Under Fed.
     R. Evid. 201, a court may judicially notice matters of public record.  See *Mack v. S. Bay Beer*
27   *Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Federal Sav.*
     *& Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct. 2166 (1991)).  Because the court finds that
28   plaintiff does not establish his standing to bring this complaint, the court need not take judicial
     notice of any documents for purposes of this order.

James C. Mahan
U.S. District Judge

1   assigns.  (Doc. # 12, exh. A).  On September 15, 2009, MERS assigned the deed of trust to New

2   York Mellon.  (Doc. # 12, exh. B).

3       Lai defaulted on the note and deed of trust.  On September 15, 2009, Recontrust Company,

4   N.A. ("Recontrust"), as substitute trustee, recorded a notice of default and election to sell against

5   the property.  (Doc. # 12, exh. C).  Recontrust then recorded a notice of trustee's sale on June 28,

6   2010.  (Doc. # 12, exh. D).  Recontrust recorded a rescission of the election to declare default on

7   April 13, 2012.  (Doc. # 12, exh. E).

8       On June 26, 2013, a substitution of trustee was recorded, naming National Default

9   Servicing Corporation ("National Default") as substitute trustee under the deed of trust.  (Doc. #

10  12, exh. F).  National Default then recorded a notice of default and election to sell against the

11  property on October 30, 2014, and a notice of trustee's sale on February 5, 2015.  (Doc. # 12, exhs.

12  G-H).  The notice of default identifies Select as the servicer of the loan.  (Doc. # 12, exh. G).

13      Plaintiff initiated the instant action in Eighth Judicial District Court for Clark County,

14  Nevada, on February 26, 2015, seeking to enjoin the foreclosure sale.  (Doc. # 1-1).  The state

15  court granted plaintiff's request for a temporary restraining order on February 27, 2015.  (Doc. #

16  1-1 at 27-28).

17      Defendants removed this case to federal court on April 1, 2015.  (Doc. # 1).  On April 8,

18  2015, defendants filed their first motion to dismiss.  (Doc. # 5).

19      Also on April 8, 2015, plaintiff Woodbury Law, Ltd., filed an amended complaint alleging

20  that it obtained title to the property from Lai and is the current owner of the property.  (Doc. # 6,

21  ¶¶ 12-13).[2]  Plaintiff further alleges that it has acquired the right to bring Lai's "choses in action"[3]

22  and is Lai's successor in interest to the property and choses in action.  (Doc. # 6, ¶¶ 14-16).

23  Plaintiff alleges that Bank of America and New York Mellon lack standing to foreclose on the

24  _____

25      [2] Because plaintiff filed an amended complaint after defendants' first motion to dismiss,
26  defendants' first motion to dismiss will be denied as moot.

27      [3] A chose in action is an intangible personal property right to sue.  It confers no present
28  possession of a tangible object.

James C. Mahan
U.S. District Judge

- 2 -

1  deed of trust, and that the loan Lai obtained was illegal because Lai was charged illegal feels and

2  was not given required disclosures.  (*See* doc. # 6).

3  Based on these allegations, plaintiff brings claims for (1) preliminary and permanent

4  injunctive relief; (2) quiet title; (3) slander of title; (4) violations of Fair Debt Collection Practices

5  Act; (5) violation of NRS § 107; (6) an accounting; (7) declaratory relief; (8) negligence; (9)

6  negligence per se; (10) breach of the implied covenant of good faith and fair dealing; (11) unjust

7  enrichment; (12) violations of Nevada Unfair Lending Practices Act; and (13) violations of the

8  Truth in Lending Act and other federal laws.  Plaintiff seeks a permanent injunction and a

9  declaratory judgment, preventing defendants from foreclosing on the property and monetary

10  damages.  (Doc. # 6, ¶¶ 74-82).

11  Defendants now move to dismiss plaintiff's amended complaint with prejudice.

12  **II.    Legal standard**

13  A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief

14  can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and

15  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2);

16  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

17  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

18  elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

19  "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at

20  555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to

21  "state a claim to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

22  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

23  when considering motions to dismiss.  First, the court must accept as true all well-pled factual

24  allegations in the complaint.  *Id.* at 1950.  However, legal conclusions are not entitled to the

25  assumption of truth.  *Id.* at 1950.  Mere recitals of the elements of a cause of action, supported by

26  only conclusory statements, do not suffice.  *Id.* at 1949.  Second, the court must consider whether

27  the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 1950.  A claim is

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a

2  reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.

3      Where the complaint does not "permit the court to infer more than the mere possibility of

4  misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief."

5  *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not

6  crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550

7  U.S. at 570.

8      The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

9  1216 (9th Cir. 2011).  The *Starr* court held, "First, to be entitled to the presumption of truth,

10  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

11  but must contain sufficient allegations of underlying facts to give fair notice and to enable the

12  opposing party to defend itself effectively.  Second, the factual allegations that are taken as true

13  must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

14  party to be subjected to the expense of discovery and continued litigation."  *Id.*

15  **III.    Discussion**

16      Federal Rule Civil Procedure 17(a) requires a lawsuit to "be brought by the real party in

17  interest with certain exceptions for executors, trustees, etc."  *Riley v. Greenpoint Mortg. Funding,*

18  *Inc.*, 2:10-CV-1873-RLH-RJJ, 2011 WL 1979831, at *3 (D. Nev. May 20, 2011) (citing Fed. R.

19  Civ. P. 17(a)).  To establish standing to bring a lawsuit, a plaintiff must establish that it suffered

20  an "injury in fact" that is traceable to the defendant's conduct, and that a favorable decision will

21  redress that injury.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

22      Defendants assert that plaintiff lacks standing to bring Lai's claims.  Plaintiff's amended

23  complaint alleges that it has standing to bring these claims because it is Lai's successor in interest.

24  (Doc. # 6, ¶¶ 14-16).  Defendants assert that, because plaintiff does not identify how it became

25  Lai's successor in interest, and does not allege that Lai ever assigned his claims to it, plaintiff

26  establishes no factual basis demonstrating its standing to bring these claims.  (Doc. # 12 at 4-5).

27      Plaintiff's response improperly relies on information that is not in its amended complaint.

28  Plaintiff attaches additional exhibits that were not included with its complaint to attempt to bolster

**James C. Mahan**
**U.S. District Judge**

- 4 -

its standing.  When considering a motion to dismiss, a court may reference only those facts alleged within the complaint itself.  *See* Fed. R. Civ. Pro. 12(b); *see also In re AgriBio Tech Sec. Litig.*, No. CV-S-99-144-PMP-LRL, 2000 WL 1277603, at *6 (D. Nev. Mar. 2, 2000) (citing *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.")).  Plaintiff is a barred attorney and is thus familiar with the Federal Rules of Civil Procedure.  Accordingly, the court will not consider plaintiff's improperly proffered exhibits, nor the arguments that rely on them.

Plaintiff is not the borrower on the loan and fails to establish how it suffered any injury as a result of the actions alleged in the amended.  Instead, plaintiff attempts to establish standing through a fatal reliance upon the conclusory allegation that it is Lai's successor in interest.  Such conclusory allegations are insufficient to establish that plaintiff has the right to bring these claims.  Lai is the only relevant party who had a relationship with Bank of America or New York Mellon with respect to this loan and is the only borrower protected by the various statutes upon which plaintiff relies.  Plaintiff fails to plead any basis upon which the court may determine (1) how plaintiff became Lai's successor in interest, or (2) whether these claims were properly assigned or are even assignable.

**IV.    Conclusion**

Because plaintiff may be able to cure its standing issue, the court will dismiss plaintiff's complaint without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss plaintiff's first amended complaint (doc. # 12) be, and the same hereby is, GRANTED.  Plaintiff's amended complaint shall be dismissed without prejudice.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss plaintiff's original complaint (doc. # 5) be, and the same hereby is, DENIED as moot.

DATED July 1, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -